IN THE UNITED STATES DISTRICT COURT
FOR MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:22-cv-470-ECM |
| | ) | (WO) |
| A 2014 DODGE CHARGER, | ) | |
| VIN: 2C3CGXAT3EH346697, | ) | |
| WITH ALL APPURTENANCES AND | ) | |
| ATTACHMENTS THEREON, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFAULT JUDGMENT AND DECREE OF FORFEITURE**

Now pending before the Court is the United States of America's ("United States") Motion for Default Judgment and Decree of Forfeiture (doc. 10) filed on October 13, 2022.

On August 8, 2022, the United States filed a verified complaint (doc. 1) alleging that the defendant property is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) and 18 U.S.C. § 981(a)(1)(C), which provide for the seizure and forfeiture of all things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical as well as all proceeds traceable to such an exchange, and any property, real or personal, which constitutes or is derived from proceeds traceable to violations of 21 U.S.C. § 841 and § 846.

Pursuant to a Warrant of Arrest *In Rem* issued by this Court on August 9, 2022, (doc. 3), the defendant property was served on August 10, 2022. (Doc. 5). On August 15, 2022, Emir Vazquez, sister of Maricruz Rodriguez Vazquez, was served with copies of the

Notice of Complaint for Forfeiture against Personal Property, Verified Complaint for Forfeiture *In Rem*, and Warrant of Arrest *In Rem* for Maricruz Rodriguez Vazquez at the address he provided on his administrative claim. (Doc. 4).

Notice of this civil forfeiture action against the defendant property was published for 30 consecutive days on an official Government internet website (www.forfeiture.gov), as evidenced by the Declaration of Publication filed with this Court on October 11, 2022. (Doc. 7).

On October 13, 2022, default was entered against Maricruz Rodriguez Vazquez and all other persons and entities having an interest in the defendant property pursuant to Fed. R. Civ. P. 55(a) for failure to timely defend as required by law. (Doc. 9).

A district court has original jurisdiction over civil cases brought by the United States, pursuant to 28 U.S.C. § 1345, and in forfeiture actions, pursuant to 28 U.S.C. § 1355. A forfeiture action may also be brought in a district where any of the acts or omissions giving rise to the forfeiture occurred. 28 U.S.C. § 1355(b)(1)(A). The United States is the plaintiff in this civil forfeiture action and the acts giving rise to this action occurred in the Middle District of Alabama. Thus, this Court has subject matter jurisdiction over this action.

The United States has established that the requirements for proper notice set forth in Supplemental Rule G were fully satisfied. A Warrant of Arrest *In Rem* issued by this Court on August 9, 2022, (doc. 3), and the defendant property was served on August 10, 2022. (Doc. 5). On August 15, 2022, Maricruz Rodriguez Vazquez was served at the

2

address he provided on his administrative claim. (Doc. 4). Notice of this civil forfeiture action against the defendant property was published for 30 consecutive days on an official Government internet website. (Doc. 7).

Pursuant to Supplemental Rule G(5)(a)(ii)(A), Maricruz Rodriguez Vazquez was required to file a claim no later than 35 days after service. That time period expired on September 19, 2022. Pursuant to Supplemental Rule G(5)(a)(ii)(B), any parties unknown to the United States were required to file a claim no later than 60 days after the first day of publication on an official internet government forfeiture website. That time period expired on October 9, 2022.

Any other claimant to the defendant property was required to file a claim no later than 35 days after written notice was sent, or 60 days after the first publication of notice on the official governmental website. No extensions of the time periods have been requested or granted by the Court. Neither Maricruz Rodriquez Vazquez nor any other person has filed a claim, an answer, or otherwise appeared in this matter, and the time to do so has expired.

The factual allegations set forth in the Verified Complaint demonstrate that the defendant property is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) and 18 U.S.C. § 981(a)(1)(C), which provide for the seizure and forfeiture of all things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical as well as all proceeds traceable to such an exchange, and any property, real or

personal, which constitutes or is derived from proceeds traceable to violations of 21 U.S.C. § 841 and § 846.

The factual allegations of the Complaint are verified by Drug Enforcement Administration Special Agent Hubert D. Walters, and they are undisputed. (Doc. 1). Consequently, hearings are not necessary to enter or effectuate the default judgment.

The government has shown that (a) the parties that have an interest in the defendant property are in default; (b) default judgment is procedurally warranted; and (c) it has sufficiently pled its basis for entry of default judgment.

Accordingly, for good cause, it is

ORDERED, ADJUDGED and DECREED as follows:

1. The Motion for Default Judgment and Decree of Forfeiture (doc. 10) is GRANTED.

2. Pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, default judgment is hereby entered in favor of the United States and against Defendant 2014 Dodge Charger, VIN: 2C3CDXAT3EH346697, with all appurtenances and attachments thereon, Maricruz Rodriguez Vazquez, and all other persons and entities having an interest in the defendant property for failure to timely plead, answer, or otherwise defend.

3. All right, title, and interest in Defendant 2014 Dodge Charger, VIN: 2C3CDXAT3EH346697, with all appurtenances and attachments thereon, is hereby forfeited to and vested in the United States, which shall have clear title to this property,

may warrant good title to any subsequent transferee, and shall dispose of the property in accordance with the law.

4. The United States District Court shall retain jurisdiction in this case for the purpose of enforcing this Order.

5. The Clerk of the Court shall forward a certified copy of this order to the United States Attorney's Office.

The Clerk of the Court is DIRECTED to close this case.

Done this 3rd day of February 2023.

                                         /s/ Emily C. Marks  
                                       EMILY C. MARKS  
                                       CHIEF UNITED STATES DISTRICT JUDGE